UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY WILLIAMS,<br><br>    Petitioner,<br><br>v.<br><br>FREDEANE ARTIS,<br><br>    Respondent. | Case No. 24-12244<br>Honorable Laurie J. Michelson |

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS AND HOLD HABEAS PETITION IN ABEYANCE [1]**

Anthony Williams is currently incarcerated at the Thumb Correctional Facility, where he is serving a term of 25 to 80 years for assault with intent to commit great bodily harm less than murder, felonious assault, and various weapons charges. *See Offender Tracking Info. Sys.*, Mich. Dep't of Corr., https://perma.cc/ZGT4-NRTA. His convictions were affirmed on direct appeal. *See People v. Williams*, No. 348103, 2020 Mich. App. LEXIS 4047, at *1 (Mich. Ct. App. June 25, 2020) (per curiam) (remanding Williams' motion for new trial and instructing trial court to hold *Ginther* evidentiary hearing); *People v. Williams*, No. 348103, 2020 Mich. App. LEXIS 6164, at *1 (Mich. Ct. App. Sept. 17, 2020) (per curiam) (affirming Williams' convictions and

sentences after trial court denied motion for new trial following *Ginther* hearing), *appeal denied*, 995 N.W.2d 330 (Mich. 2023) (mem.).

Williams next turned to this Court, filing what appears to be a combined petition for habeas corpus under 28 U.S.C. § 2254 and motion to stay the case and hold his petition in abeyance while he presents new claims to the state courts. (ECF No. 1.) He identifies eight claims presented on direct appeal—four raised by his appellate counsel (*id.* at PageID.5–6) and four raised in his Standard 4 brief (*id.* at PageID.7)—and five additional claims he intends to raise in state court on a post-conviction motion for relief from judgment (*id.* at PageID.6–7).

For the reasons below and under the conditions set forth at the conclusion of this order, the Court will grant Williams' motion to stay.

# I.

A federal district court has discretion to stay a "mixed" habeas petition—i.e., one containing both exhausted and unexhausted claims—to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 275–76 (2005). Stay and abeyance is available only in "limited circumstances," such as when the one-year statute of limitations applicable to federal habeas actions poses a concern. *See id.* at 275; 28 U.S.C. § 2244(d)(1). Indeed, the Supreme Court adopted the stay and abeyance

2

procedure to specifically address the situation where outright dismissal of a habeas petition could jeopardize the timeliness of a future petition following the exhaustion of state remedies. *Rhines*, 544 U.S. at 275. That said, a court may not grant a stay just because a petitioner's "chances of exhausting his claims in state court and refiling in federal court before the limitation period runs" are "slim." *Id.* A habeas petitioner must also demonstrate that he had "good cause" for his failure to exhaust state-court remedies before proceeding in federal court, that the unexhausted claims are not "plainly meritless," and that he has not engaged in "intentionally dilatory litigation tactics." *Id.* at 277–78.

Williams satisfies these requirements and shows the need for a stay.

For one, Williams faces a statute of limitations problem if the Court were to dismiss his federal habeas petition to allow for exhaustion of state remedies. He timely filed his petition with this Court (with about 4.5 months of the one-year limitations period remaining),[1] but habeas petitions are not statutorily tolled while they are pending in federal court. *See Duncan v. Walker*, 533 U.S. 167, 181–82 (2001); 28 U.S.C. § 2244(d). So if the Court

---

[1] The Michigan Supreme Court denied Williams leave to appeal on October 3, 2023. His convictions became final 90 days later, on or about January 3, 2024, when the time for seeking a writ of certiorari with the United States Supreme Court expired. *See Lawrence v. Florida*, 549 U.S. 327, 333 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000); (*see also* ECF No. 1, PageID.6.) AEDPA's statute of limitations began to run the next day. *See, e.g., Scarber v. Palmer*, 808 F.3d 1093, 1095 (6th Cir. 2015).

3

were to dismiss Williams' petition now, he would not have enough time to pursue and exhaust state-court remedies before timely returning to federal court on an amended, fully exhausted habeas petition. *See Jackson v. Rapelje*, No. 12-14867, 2013 U.S. Dist. LEXIS 5114, at *2 (E.D. Mich. Jan. 14, 2013) ("Staying a habeas corpus proceeding is appropriate where, as here, the original petition was timely filed, but a second, exhausted habeas petition may be time barred by the AEDPA's statute of limitations." (citing *Hargrove v. Brigano*, 300 F.3d 717, 720–21 (6th Cir. 2002))).

Williams has also shown good cause. The good cause requirement "is not intended to impose the sort of strict and inflexible requirement that would trap the unwary *pro se* prisoner," *Rhines*, 544 U.S. at 279 (Stevens, J., concurring) (citations and internal quotation marks omitted), who "do[es] not come well trained to address [exhaustion] matters," *id.* at 279 (Souter, J., concurring in part and concurring in the judgment). "A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." *Marlon v. Schiebner*, No. 22-12959, 2022 U.S. Dist. LEXIS 227112, at *5 (E.D. Mich. Dec. 16, 2022) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005)); (*see* ECF No. 1, PageID.6 ("Because petitioner was unsure whether or not his post-conviction motion would be deemed 'properly filed' for the purpose of 28 U.S.C. § 2244(d)(2), he chose to submit his federal habeas petition requesting

4

to hold the petition in abeyance . . . ." (cleaned up)).) "As many experienced attorneys may on occasion find themselves confused wading through the morass of the exhaustion doctrine, it comes as no surprise that Petitioner can easily demonstrate reasonable confusion about where and when to file. This reasonable confusion is particularly likely where, as here, Petitioner has unexhausted claims mixed in with other ineffective-assistance-of-counsel claims." *Cowan v. Stovall*, No. 06-13846, 2011 U.S. Dist. LEXIS 97646, at *7–8 (E.D. Mich. Aug. 31, 2011) (citations omitted).

Finally, there is no evidence of intentional delay, and Williams' unexhausted claims do not appear plainly meritless. He raises cognizable claims of ineffective assistance of trial counsel and prosecutorial misconduct and describes some of the reasons for these claims. (ECF No. 1, PageID.7–9.) So the Court finds that a stay is warranted here.

## II.

Accordingly, the Court GRANTS Williams' motion to stay and hold his habeas corpus petition in abeyance (ECF No. 1). Three conditions apply:

1. If he has not already done so, Williams SHALL file his motion presenting his unexhausted claims in state court within 60 days of the entry of this order.

2. After filing his post-conviction motion in state court, Williams SHALL promptly file a notice with this Court that includes proof of

5

the state court filing and a copy of the filing itself. If he fails to timely notify the Court that he has sought state-court post-conviction relief, the Court will proceed to adjudicate the petition as it stands.

3. If he is unsuccessful in state court and wishes to lift the stay in this case, Williams SHALL file a motion to lift the stay along with an amended petition within 90 days of exhausting state remedies. The motion and amended petition shall contain the same case number that appears on this order.

*See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002). Failure to comply with the conditions of this stay could result in the dismissal of the habeas petition. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

SO ORDERED.

Dated: October 8, 2024

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE